12940/DFG:mlt

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| DORIS HODO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | NO: |
| ) | |
| CITY OF CHICAGO, a municipal corporation, ) | |
| OFFICER M. MENDEZ Star No. 16004, OFFICER ) | Judge |
| C. De La TORRE Star No. 5284, SERGEANT ) | |
| KARCZEWESKI Star No. 1155 and UNKNOWN ) | |
| CHICAGO POLICE OFFICERS, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

Plaintiff, DORIS HODO, by and through her attorneys, THE VRDOLYAK LAW GROUP, LLC and DANIEL F. GALLAGHER, brings this action against Defendants, CITY OF CHICAGO, a municipal corporation, OFFICER M MENDEZ Star No. 16004, OFFICER C. De La TORRE Star No. 5284, SERGEANT KARCZEWESKI Star No. 1155 and UNKNOWN CHICAGO POLICE OFFICERS, and pursuant to 42 U.S.C. Section 1983 for wrongful service of search warrant:

### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to 28 U.S.C. Sections 1331 and 1343.

2. Venue is proper pursuant to 28 U.S.C. Section 131(b). The underlying events occurred within the Northern District of Illinois; Defendant, CITY OF CHICAGO, is a municipal corporation located within the District; and all parties reside in the District.

## **PARTIES**

3. On or about January 11, 2018 and at all times relevant hereto, DORIS HODO, was an 87-year-old woman who had lived for approximately forty-five (45) years at 3121 West Flournoy, Second Floor, Chicago, Illinois.

4. Ms. Hodo, at all times relevant hereto, was a retired single person residing alone at the aforesaid address.

5. Ms. Hodo has never been arrested or charged with any crime at any time in her life.

6. Defendant, CITY OF CHICAGO, is a municipal corporation incorporated under the laws of the State of Illinois.

7. At all times relevant hereto, Officer M. Mendez Star No. 16004 was a Chicago police officer assigned to the Area Central Gang Enforcement Team. Officer M. Mendez, Officer C. De La Torre Star No. 5284, Sergeant Karczeweski Star No. 1155 and other Unknown Chicago Police Officers participated in obtaining an invalid search warrant for Ms. Hodo's apartment and executing that warrant on or about January 11, 2018.

8. When Officer M. Mendez, Officer C. De La Torre, Sergeant Karczeweski, and other unknown Chicago police officers were present at Plaintiff's apartment on January 11, 2018, they were at all times acting under color of law and within the scope of their employment as officers of the Chicago Police Department.

### **Count I- Unlawful Search- Invalid Warrant 42 U.S.C. Section 1983**

9. Officer M. Mendez, Officer De La Torre, Sergeant Karczeweski, and other unknown officers unreasonably and without probable cause obtained a search warrant for Plaintiff's apartment, the wrong apartment, a fact which invalidated the warrant from the start, before its execution.

10. The officers subsequent unauthorized and unannounced forcible entry and search violated the Plaintiff's Fourth Amendment right to be free from unreasonable searches of her home and person.

11. As the sworn applicant for the warrant, Officer M. Mendez had a duty to discover and disclose to the issuing magistrate whether he had identified the correct apartment or place to be searched rather than the residence of an innocent third party.

12. Officer M. Mendez reasonably knew or should have known that the intended target of the warrant did not reside on the second floor but resided in another apartment in the building.

13. As a matter of fact, other members of the Area Central Gang Enforcement Team had already encountered and served the subject of the warrant, Darryl K. Hill, on the first floor of the building and had obtained proof of his residency at that location.

2

14. Officer Mendez and the other members of the team reasonably knew or should have known that the intended target of the warrant did not reside in the second floor apartment of the building.

15. Officer Mendez and the other police officer Defendants had a duty to reasonably investigate and verify information which was received from the John Doe complainant who provided them with information about where the intended target resided.

16. Attached hereto and made a part hereof as Exhibit A is the Search Warrant issued by a Judge upon the application of Officer M. Mendez.

17. The warrant commands the search of Darryl K. Hill, a 62-year-old male. The warrant further commands a search of 3121 W. Flournoy St., Chicago, IL 60612 multifamily residence second-floor Cook County and commands seizure of heroin, to wit a controlled substance and any items showing residency.

18. Officer M. Mendez had multiple sources of information available to him at the time that he applied for the search warrant had he bothered to use them. He could easily have contacted the utility company supplying gas, electric, phone or Internet to the apartment building.

19. However, on information and belief, Officer M. Mendez and the other officers did not conduct any investigation or verification and certainly failed to conduct an objectively reasonable one.

20. Officer C. De La Torre and the other officers' actions in these respects were objectively unreasonable and were undertaken intentionally, with malice and recklessness in a conscious disregard for Plaintiff's constitutional rights.

21. As a direct and proximate result of the misconduct of Officer M. Mendez, Officer C. De La Torre, and Sergeant Karczeweski and other unknown officers, Plaintiff suffered and continues to suffer injury and harm.

22. The officers conducting the search knew before they forcibly entered the second floor apartment occupied by the Plaintiff that the intended target of their search Darryl Hill was not present and was not a resident of the second-floor apartment. Nevertheless, the officers conducting the search, including the breach officers, knocked Plaintiff's door and door frame down without warning late at night and entered Ms. Hodo's apartment with guns drawn putting her in fear for her life.

23. The officers did not find any other persons, narcotics, controlled substances or contraband in the Plaintiff's apartment.

### Count II- Intentional and/or Negligent Infliction of Emotional Distress – State Law

24. Plaintiff asserts this claim against the CITY OF CHICAGO and OFFICERS M. MENDEZ, De La TORRE and SERGEANT KARCZEWESKI.

25. The actions, omissions and conduct of Officer M. Mendez and the other Defendant Chicago police officers were extreme and outrageous and exceeded all bounds of human decency.

26. The officer's actions, omissions and conduct above were undertaken with the intent to inflict and cause severe emotional distress to Plaintiff with the knowledge of high probability that their conduct would cause such distress or in reckless disregard of the probability that their actions would cause such distress.

27. As a direct and proximate result of the officers' extreme and outrageous conduct, Plaintiff suffered and continues to suffer long-term, severe emotional distress and trauma in that she is extremely fearful that her home will once again be invaded while she is home and finds it difficult to concentrate and to fall asleep at night.

### Count III – Trespass- State Law

28. Plaintiff realleges Paragraphs 1 through 27 above and incorporates them in this Count.

29. The named Defendant police officers and other unknown Chicago police officers physically invaded the Plaintiff's right to enjoyment of exclusive possession of her apartment.

30. After the officers had already served a warrant on the intended target and were aware that the search warrant listed Plaintiff's apartment by mistake, such that any lawful right of entry expired at that time, the officers continued to violate Plaintiff's constitutional rights by breaching Plaintiff's door and physically invading the Plaintiff's apartment.

31. Plaintiff was harmed by the officers' physical invasion of her apartment and the property damage caused by the officers.

### Count IV- Respondeat Superior – State Law

32. Plaintiff realleges Paragraphs 1 through 31 above and incorporates the same into this Count.

33. In committing the acts and omissions alleged above the officers were at all times members and agents of the Chicago Police Department and employees of the City of Chicago and were acting within the scope of their employment.

34. Defendant, CITY OF CHICAGO, is liable as principal for all common law torts committed by its agents within the scope of their employment.

## Count V- Indemnification- State Law

35. Plaintiff realleges Paragraphs 1 through 33 above incorporates same into this Count.

36. Illinois Law 745 I LCS 10/9 – 102 directs public entities to pay any common-law tort judgment for compensatory damages for which employees are held liable within the scope of their employment activities.

37. Officer M. Mendez, Officer C. De La Torre, Sergeant Karczeweski and other unknown Chicago Police officers were and are employees of the City of Chicago who acted within the scope of their employment when committing the acts or omissions set forth above.

Wherefore, Plaintiff, DORIS HODO, prays that the Court enter judgment against each Defendant on each Count for compensatory damages, statutory attorney's fees, costs, expenses and such other relief as this court deems just.

PLAINTIFF'S DEMAND TRIAL BY JURY

s/Daniel F. Gallagher

Plaintiff's Attorney
Daniel F. Gallagher #905305
Vrdolyak Law Group, LLC
741 N. Dearborn Street
Chicago, IL 60654
312-482-8200 x. 450
dgallagher@vrdolyak.com

5