## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| DORIS HODO, | ) | |
| | ) | |
| Plaintiff, | ) | No. 2019 CV 1561 |
| | ) | |
| vs. | ) | |
| | ) | |
| CITY OF CHICAGO, a municipal | ) | District Judge John Z. Lee |
| corporation, | ) | |
| OFFICER M. MENDEZ Star No. 16044, | ) | Magistrate Judge Mary R. Rowland |
| OFFICER C. De La TORRE Star No. 5284, | ) | |
| SERGEANT KARCZEWESKI Star No. 1055 | ) | |
| and UNKNOWN CHICAGO POLICE | ) | |
| OFFICERS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

NOW COMES the Plaintiff, DORIS HODO, by and through her attorneys, THE VRDOLYAK LAW GROUP, LLC and DANIEL F. GALLAGHER, brings this action against Defendants, CITY OF CHICAGO, a municipal corporation, OFFICER M MENDEZ Star No. 16044, OFFICER C. De La TORRE Star No. 5284, SERGEANT KARCZEWESKI Star No. 1055 and UNKNOWN CHICAGO POLICE OFFICERS, and pursuant to 42 U.S.C. §1983 for wrongful service of search warrant, §1985 for conspiracy to violate Plaintiff's civil rights, and §1988 for reasonable attorney fees:

### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to 28 U.S.C. Sections 1331 and 1343.

2. Venue is proper pursuant to 28 U.S.C. Section 131(b). The underlying events occurred within the Northern District of Illinois; Defendant, CITY OF CHICAGO, is a municipal corporation located within the District; and all parties reside in the District.

## PARTIES

3.      On or about January 11, 2018 and at all times relevant hereto, DORIS HODO, was an 87-year-old woman who had lived for approximately forty-five (45) years at 3121 West Flournoy, Second Floor, Chicago, Illinois. *See* Affidavit ¶ 3.

4.      Ms. Hodo, at all times relevant hereto, was a retired single person residing alone at the aforesaid address. *Id.*

5.      Ms. Hodo has never been arrested or charged with any crime at any time in her life.

6.      Defendant, CITY OF CHICAGO, is a municipal corporation incorporated under the laws of the State of Illinois.

7.      At all times relevant hereto, Officer M. Mendez ("Mendez") Star No. 16044, Officer De La Torre (De La Torre") Star No. 5284, Sergeant Karczeweski ("Karczeweski") Star No. 1055 and other Unknown Chicago Police Officers were or are Chicago police officers assigned to the Area Central Gang Enforcement Task Force #311.

8.      Officers Mendez, De La Torre, and Karczeweski participated in obtaining an invalid search warrant for Ms. Hodo's apartment and executing that warrant on or about January 11, 2018.

9.      When Officers Mendez, De La Torre, and Sergeant Karczeweski, and other unknown Chicago police officers were present at Plaintiff's apartment on January 11, 2018, they were at all times acting under color of law and within the scope of their employment as officers of the Chicago Police Department.

2

### Count I- Hodo v. City of Chicago et al –
### Invalid Warrant Pursuant to 42 U.S.C. Section 1983

10.     Officer Mendez, Officer De La Torre, Sergeant Karczeweski, and other unknown officers unreasonably and without probable cause obtained a search warrant for Plaintiff's apartment, a fact which invalidated the warrant from the start, before its execution.

11.     The officers subsequent unauthorized and unannounced forcible entry and search violated the Plaintiff's Fourth Amendment right under the U.S. Constitution and Article I, Section IV of the Constitution of the State of Illinois to be free from unreasonable searches of her home and person.

12.     As the sworn applicant for the warrant, Officer Mendez had a duty to discover and disclose to the issuing magistrate whether he had sufficiently detailed information likely to produce a substantial likelihood of illegal activity in Doris Hodo's apartment unit.

13.     Officer Mendez had a duty to ensure that his John Doe informant's story was independently corroborated before presenting such testimony before Judge Araujo.

14.     Upon information and belief, there in actuality was no John Doe informant, or the John Doe informant had never personally observed Doris Hodo use or sell drugs from her apartment unit #2, therefore no substantial degree of detail could have been given to Judge Araujo, thus invalidating the warrant.

15.     Because Doris Hodo, an 87 year old female who has lived alone in unit #2 for approximately 45 years has never had any contact with police, nor had she personally used or sold drugs from this location, nor did she allow the target of the warrant for unit #1, Mr. Darryl Hill use or sell drugs from her apartment unit #2, there could have been no independent police

3

corroboration of John Doe's testimony, and thus there could have been no probable cause to get a warrant for unit #2.

WHEREFORE, Plaintiff, DORIS HODO, prays that the Court enter judgment against each Defendant pursuant to 42 U.S.C. §1983 for compensatory damages, statutory attorney's fees, costs, expenses and such other relief as this court deems just pursuant to 42 U.S.C. §1988.

**Count II- Hodo v. City of Chicago et al –
Unreasonable Search Pursuant to 42 U.S.C. Section 1983**

16.     Moreover, other members of the Area Central Gang Enforcement Task Force 311 had already encountered and served the subject of the warrant, Darryl K. Hill ("Hill"), on the first floor of the building and had obtained proof of his residency at that location.

17.     Officer Mendez and the other members of the team reasonably knew or should have known that the intended target of the warrant did not reside in the second-floor apartment of the building.

18.     Additionally, officers Mendez, De La Torre, Sergeant Karczeweski and other unknown officers failed to knock and announce their presence when serving the invalid warrant pursuant to the Fourth Amendment to the U.S. Constitution and Article I, Section VI of the Constitution of the State of Illinois. *See* Affidavit ¶ 9.

19.     Instead, Doris Hodo was in her kitchen that evening when she heard three loud "bangs" at her front door. *See* Affidavit ¶ 5.

20.     When she stepped from her kitchen into her living rood where the door is located, she encountered officers Mendez, De La Torre, sergeant Karczeweski, and other unknown officers in her living room. *See* Affidavit ¶ 6.

21.     One officer had his hand on his service weapon when he confronted Doris Hodo, frightening her. *See* Affidavit ¶ 7-8.

22.     When the officers encountered 87-year-old Doris Hodo after breaking down her door, one officer apologized and said that "they were in the wrong." *See* Affidavit ¶ 10.

23.     Moreover, the officers had no reason to breach Doris Hodo's door, as immediately prior, they had the landlord open the door to unit #1, and had already encountered and detained the target, Mr. Hill. Even if the warrant been valid in the first place, the officers could have easily asked the landlord to grant access to unit #2 without breaching Doris Hodo's door.

24.     The officers conduct constituted an unreasonable entry and search, violating the Fourth Amendment to the U.S. Constitution and Article I, Section VI of the Constitution of the State of Illinois.

25.     Officer De La Torres and the other officers' actions in these respects were objectively unreasonable and were undertaken intentionally, with malice and recklessness in a conscious disregard for Plaintiff's constitutional rights.

26.     As a direct and proximate result of the misconduct of Officer Mendez, Officer De La Torre, and Sergeant Karczeweski and other unknown officers, Plaintiff suffered and continues to suffer injury and harm.

WHEREFORE, Plaintiff, DORIS HODO, prays that the Court enter judgment against each Defendant pursuant to 42 U.S.C. §1983 for compensatory damages, statutory attorney's fees, costs, expenses and such other relief as this court deems just pursuant to 42 U.S.C. §1988.

### Count III- Hodo v. City of Chicago et al –
### Conspiracy to Violate Plaintiff's Civil Rights Pursuant to 42 U.S.C. Section 1985

27.     Officer Mendez, Officer De La Torre, Sergeant Karczeweski and other Unknown Chicago Police Officers were or are Chicago police officers assigned to the Area Central Gang Enforcement Task Force #311.

28.    Upon information and belief, the 311 task force frequently, and as a matter of practice and policy, official or otherwise, used unreliable John Doe informants to present evidence at probable cause hearings before issuing magistrates under false pretenses.

29.    Moreover, officers Mendez, De La Torre, Sergeant Karczeweski, and other unknown officers of task force 311 purposely requested Judge Araujo over 80 times because he would "rubber stamp" their warrants with little or no probable cause and also because he favored the use of anonymous John Doe warrants.[1]

30.    As a matter of fact, both task force 311 and Judge Araujo are under investigation by the Federal Bureau of Investigation for their unlawful warrant practices. *Id.*

31.    Because these unlawful warrant practices between Judge Araujo and task force 311 have been in place for years, they have been tacitly and constructively approved by the Chicago Police department and Defendant City of Chicago as de facto policy and practice.

32.    By utilizing this unlawful practice of seeking and issuing search warrants without probable cause and without a substantial likelihood of uncovering illegal activity, officers Mendez, De La Torre, Sergeant Kaczeweski, and other unknown officers conspired with Judge Araujo to violate Doris Hodo's civil rights pursuant to the Fourth Amendment to the U.S. Constitution, 42 U.S.C. §1985 and Article I, Section IV of the Constitution of the State of Illinois.

33.    As a direct and proximate result of the conspiratorial misconduct of Officer Mendez, Officer De La Torre, Sergeant Karczeweski, other unknown officers, and Judge Araujo, Plaintiff suffered and continues to suffer injury and harm.

---

[1] https://chicago.suntimes.com/2019/3/29/18361759/fbi-grilled-cook-county-judge-with-ties-to-indicted-chicago-cop

WHEREFORE, Plaintiff, DORIS HODO, prays that the Court enter judgment against each Defendant pursuant to 42 U.S.C. §1983 for compensatory damages, statutory attorney's fees, costs, expenses and such other relief as this court deems just pursuant to 42 U.S.C. §1988.

### Count IV- Hodo v. City of Chicago – Monell Liability Pursuant to 42 U.S.C. Section 1983

34.    Plaintiff realleges and incorporates paragraphs 10 through 33 as fully stated and applied herein.

35.    Upon information and belief, the Defendant, The City of Chicago, engaged in a pattern and practice of violating civil rights, and specifically, the civil rights of the Plaintiff, Doris Hodo, by aiding, encouraging, and allowing task force 311, officers Mendoza, De La Torre, Sergeant Kaczeweski, and unknown officers obtain fraudulent warrants from Judge Araujo and others.

36.    This conduct, and other conduct like it, is so pervasive and entrenched as the daily practice and policy of the Chicago Police Department that is was the subject of a consent decree approved on January 31, 2019 between the State of Illinois and the City of Chicago.[2]

37.    This consent decree effectively establishes the above described conduct as practice and policy of the Chicago Police Department and the City of Chicago.

38.    Moreover, as described above, both task force 311 and Judge Araujo are the subject of a Federal Bureau of Investigation probe into unlawful warrant practices.

39.    As a direct and proximate result of the pervasive, misconduct and policies and practices of The City of Chicago, Plaintiff suffered and continues to suffer injury and harm.

---

[2] http://chicagopoliceconsentdecree.org/wp-content/uploads/2019/02/FINAL-CONSENT-DECREE-SIGNED-BY-JUDGE-DOW.pdf

WHEREFORE, Plaintiff, DORIS HODO, prays that the Court enter judgment against each Defendant pursuant to 42 U.S.C. §1983 under *Monell* for compensatory damages, statutory attorney's fees, costs, expenses and such other relief as this court deems just pursuant to **42 U.S.C. §1988.**


PLAINTIFF'S DEMAND TRIAL BY JURY


/s/Daniel F. Gallagher_____
Daniel G. Gallagher
Counsel for Plaintiff


**THE VRDOLYAK LAW GROUP, LLC.**
By: Daniel F. Gallagher
Atty. No. 905305
100 N. Riverside Plaza – Suite 2400
Chicago, IL 60606
(312) 482-8200
dangallagher@vrdolyak.com

8